CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:06CR00041 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| ADELSON MICHEL, ) | United States District Judge |
| ) | |
| Defendant. ) | |

This case is presently before the court on the defendant's motion for a mistrial and the

defendant's pro se motion for a new trial on the basis of ineffective assistance of counsel.

For the following reasons, the defendant's pro se motion will be denied, while the motion for a

mistrial will be taken under advisement pending the appointment of a new attorney.

## Background

The defendant, Adelson Michel, was charged in a twenty-nine-count indictment on

September 6, 2006. Count One charged Michel with conspiring to distribute and possess with

intent to distribute fifty grams or more of a mixture or substance containing cocaine base, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Counts Two, Three, Four, Five, and

Six charged Michel with knowingly and intentionally distributing cocaine base, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(C). Count Seven charged Michel with knowingly and intentionally

distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1]

A jury trial was held from March 26, 2007 to March 29, 2007. The defendant was

---

[1]Michel was also charged in Count Eight of the indictment. However, on March 23, 2007, Count
Eight was dismissed with prejudice, as to Michel, pursuant to Rule 48 of the Federal Rules of Criminal
Procedure.

ultimately convicted on all seven counts. Following the jury verdict, the defendant's court-appointed attorney moved for a mistrial. The court gave the attorney fifteen days in which to file a written motion or supporting memorandum. The defendant's attorney subsequently filed a written motion on April 13, 2007.

A sentencing hearing was scheduled for June 22, 2007. Prior to the hearing, the defendant mailed the court a letter and a list of "objections," in which he alleged that his attorney had provided ineffective assistance.[2] The court construed the submissions as a pro se motion for a new trial.

At the beginning of the sentencing hearing, the defendant's attorney advised the court that he had attempted to meet with the defendant prior to the hearing, and that the defendant had expressed a desire to obtain a new attorney. Given his conversation with the defendant, the attorney indicated that he did not wish to argue the post-trial motion that he had previously filed, and that he wished to have the motion taken under advisement pending the appointment of a new attorney.

The court subsequently engaged in an extensive discussion with the defendant regarding the effectiveness of his attorney's representation. Following the discussion, the defendant advised the court that he still wished to consult with a new attorney prior to being sentenced. Consequently, the defendant's attorney was relieved of any further obligation to represent the defendant, and the court continued the sentencing hearing pending the appointment of a new attorney.

---

[2]The submissions were postmarked June 18, 2007.

## Discussion

The case is presently before the court on the defendant's pending post-trial motions. For the reasons stated in open court, the court will take the defendant's motion for a mistrial under advisement pending the appointment of a new attorney.

Additionally, the court will deny the defendant's pro se motion for a new trial. While "[a] claim of ineffective assistance of counsel may be brought as a motion for new trial" under Rule 33 of the Federal Rules of Criminal Procedure, such motion "must be filed within seven days of the verdict." United States v. Smith, 62 F.3d 641, 650-651 (4th Cir. 1995); see also Fed. R. Crim. P. 33. Because the instant motion was not mailed until June 18, 2007, more than two months after the jury verdict, the motion is untimely and must be denied.[3]

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 26ᵗʰ day of June, 2007.

_Jack Conrad_
_____
United States District Judge

---

[3]As the United States Court of Appeals for the Fourth Circuit explained in United States v. Smith, "a defendant who alleges ineffective assistance of counsel but fails to file a timely motion for a new trial is left with two options." Smith, 62 F.3d at 651. A defendant may raise his ineffective assistance claim on direct appeal "if and only if it conclusively appears from the record that [his] counsel did not provide effective assistance." Id. (internal quotations omitted). Otherwise, the defendant must raise a claim of ineffective assistance in this court by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Id.

3