CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 29 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:06CR00041 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| ADELSON MICHEL, ) | United States District Judge |
| ) | |
| Defendant. ) | |

This case is presently before the court on the defendant's motion for mistrial, motion for new trial, motion for judgment of acquittal, and motion to continue the sentencing hearing. For the following reasons, the court will deny the motion for mistrial, the motion for new trial, and the motion for judgment of acquittal, and the court will grant the defendant's motion to continue.

## Background

The defendant, Adelson Michel, was charged in a twenty-nine-count indictment on September 6, 2006. Count One charged Michel with conspiring to distribute and possess with intent to distribute fifty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Counts Two, Three, Four, Five, and Six charged Michel with knowingly and intentionally distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Seven charged Michel with knowingly and intentionally distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1]

A jury trial was held from March 26, 2007 to March 29, 2007. The defendant was ultimately convicted on all seven counts. Following the jury verdict, Gary Lance Smith, the

---

[1] Michel was also charged in Count Eight of the indictment. However, on March 23, 2007, Count Eight was dismissed with prejudice, as to Michel, pursuant to Rule 48 of the Federal Rules of Criminal Procedure.

defendant's court-appointed attorney, moved for a mistrial. The court gave the attorney fifteen days in which to file a written motion or supporting memorandum. Smith subsequently filed a written motion on April 13, 2007.

A sentencing hearing was scheduled for June 22, 2007. At the beginning of the sentencing hearing, Smith advised the court that he had attempted to meet with the defendant prior to the hearing, and that the defendant had expressed a desire to obtain a new attorney. Given his conversation with the defendant, Smith indicated that he did not wish to argue the post-trial motion that he had previously filed, and that he wished to have the motion taken under advisement pending the appointment of a new attorney.

The court subsequently engaged in an extensive discussion with the defendant regarding the effectiveness of his attorney's representation. Following the discussion, the defendant advised the court that he still wished to consult with a new attorney prior to being sentenced. Consequently, Smith was relieved of any further obligation to represent the defendant. The court continued the sentencing hearing and took the defendant's motion for mistrial under advisement, pending the appointment of a new attorney.

John S. Hart, Jr. was appointed to represent the defendant on July 9, 2007, and the defendant's sentencing hearing was rescheduled for August 24, 2007. On August 24, 2007, Hart filed a motion for new trial, a motion for judgment of acquittal, and a motion to continue, which were heard by the court on that date.

## Discussion

I.  **Motion for Mistrial**

In the motion for mistrial, which was taken under advisement pending the appointment of a new attorney, the defendant argues that the jury venire was not representative of a fair cross-section of the community.[2] During the hearing on August 24, 2007, the defendant's new attorney did not present any evidence or further argument in support of the motion. Instead, the attorney indicated that he would rely on the same arguments advanced in support of a similar motion filed by the defendant's co-defendant, Charceil Kellam.

As the court explained in the memorandum opinion denying Kellam's motion, the Sixth Amendment affords criminal defendants the right to a jury venire that represents a fair cross-section of the community. Duren v. Missouri, 439 U.S. 357, 358 (1979) (citing Taylor v. Louisiana, 419 U.S. 522 (1975)).[3] To establish a prima facie case that this right has been violated, a defendant must show: "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Id. at 364.

To support her motion, Kellam argued that the 44:1 ratio of Caucasians to African-Americans in the jury venire represented a "per se unfair cross-section of the community." However, in light of the precedent of the United States Court of Appeals for the Fourth Circuit,

---

[2] The jury venire produced trial included forty-five people; one of the forty-five people was African-American.

[3] This requirement is also codified in the Jury Selection and Service Act, 28 U.S.C. § 1861.

3

the court declined to create a "per se" exception to the requirements set forth in Duren. See United States v. Espinoza, 641 F.2d 153, 168 (4th Cir. 1981) ("[S]ystematic exclusion must be proven; it will not be presumed . . . and the defendant has the burden of establishing it."); United States v. Cecil, 836 F.2d 1431, 1445 (4th Cir. 1988) ("[T]he Constitution does not require that the juror selection process be a statistical mirror of the community; it is sufficient that the selection be in terms of a fair cross-section gathered without active discrimination.") (internal quotations omitted). Here, as was true in Kellam's case, the defendant has not met Duren's evidentiary requirements. The defendant has failed to establish a prima facie case that African-Americans were a distinctive group in the community; that the representation of African-Americans was not fair and reasonable in relation to the number of African-Americans in the community; or that any underrepresentation resulted from the systematic exclusion of this group. Accordingly, the defendant's motion for mistrial must be denied.

## II.     Motion for New Trial and Motion for Judgment of Acquittal

In the motion for new trial, filed on August 24, 2007, the defendant argues that his former attorney provided ineffective assistance at trial. In the motion for judgment of acquittal, filed on that same date, the defendant argues that the evidence was insufficient to support a guilty verdict on any of the seven counts.

Both a motion for new trial on the basis of ineffective assistance, and a motion for judgment of acquittal, must be filed within seven days of the verdict. See Fed R. Crim. P. 29(c)(1); 33(b)(2). Although the court may extend the seven-day deadline in certain circumstances, see Fed. R. Crim. P. 45(b), the defendant has not asserted any persuasive basis for permitting him to pursue the instant motions at this late stage of the proceedings. Accordingly,

4

the defendant's motion for new trial and his motion for judgment of acquittal are untimely and must be denied.

The court notes that even if the motions had been timely filed, they would be denied on the merits. The court remains convinced that the case was competently tried, and the defendant has failed to establish that the representation provided by his former attorney was both deficient and prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Likewise, for the reasons stated at the close of the government's evidence, the court remains convinced that there was "substantial evidence,"[4] viewed in the light most favorable to the government, to support the jury's verdict on all seven counts. See Glasser v. United States, 315 U.S. 60, 80 (1942).

### III. Motion to Continue

For the reasons stated during the hearing on August 24, 2007, the court will grant the defendant's motion to continue the sentencing hearing. The sentencing hearing will be rescheduled for September 17, 2007. As discussed during the hearing, objections to the defendant's presentence report are due by September 7, 2007, and responses are due by September 12, 2007.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 29th day of August, 2007.

_____
United States District Judge

---

[4] The Fourth Circuit has defined "substantial evidence" as that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Newsome, 322 F.3d 328, 333-334 (4th Cir. 2003) (internal citations omitted).

5