CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 09 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 5:06CR00041 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| ADELSON MICHEL, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Adelson Michel, a federal inmate proceeding pro se, has filed a pleading that he styles as "MOTION TO RE-OPEN 28 U.S.C. § 2255 ON CLAIMS 4, 5, AND 6, PURSUANT TO RULE 60(b), AND A 2ND EVIDENTIARY HEARING." Because Michel's motion merely recasts issues already raised and addressed in his prior § 2255 proceeding,[1] the court denies his request for reconsideration of the order denying that prior motion, and construes and summarily dismisses the current motion under § 2255(h) as a successive § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. The defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, the court directs the clerk's office to redocket the

---

[1] In the current motion, Michel asserts that the court erroneously denied relief on his § 2255 claim that counsel failed to advise him of his right to testify at trial, because his trial attorney (deceased) and the court-appointed translator who assisted Michel at trial were not present to testify at the evidentiary hearing conducted in the prior § 2255 proceeding. Closely related issues were raised and addressed in the § 2255 proceeding, and Michel fails to demonstrate that he was prevented from raising his current allegations as well in that proceeding. See United States v. Michel, 849 F. Supp.2d 649 (W.D. Va. 2012), appeal dismissed, 479 F. App'x 534 (4th Cir. 2012). Because the defendant does not demonstrate any defect in the integrity of the prior § 2255 proceedings, he fails to present a proper ground for relief under Rule 60(b), and his motion is properly considered and dismissed as a successive § 2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

defendant's submission as a § 2255 motion, which is summarily dismissed without prejudice as successive. A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 9th day of July, 2013.

*/s/ Glen Conrad*
Chief United States District Judge